FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2025 SEP 29 PM 03:44
CAROL L. MICHEL, CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, PLAINTIFF, | CIVIL ACTION NO. **25-02032** |
|---|---|
| v. | JURY DEMAND |
| COCA-COLA BOTTLING COMPANY UNITED, INC., DEFENDANT. | **SECT. G MAG. 4** |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis disability, and to provide appropriate relief to Michael Bradley ("Mr. Bradley"). The Defendant, Coca-Cola Bottling Company United, Inc. ("Defendant"), discriminated against Mr. Bradley by refusing to accommodate his disability, refusing to transfer him to an available position, and discharging him because of his disability.

### JURISDICTION & VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C.§ § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

_Fee_____
_Process_____
X Dktd_____
_CtRmDep_____
_Doc. No._____

2. The employment practices alleged to be unlawful were committed in the State of Louisiana and, therefore, within the jurisdiction and venue of this Court pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(3) of Title VII, 42 U.S.C.§ 2000e-5(f)(3).

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA. The Commission is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. Defendant is a business corporation incorporated in the State of Delaware and headquartered in Birmingham, Alabama. At all relevant times, Defendant has continuously been doing business in the State of Louisiana and the City of Lafayette, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

6. At all relevant times, Defendant has continuously been an employer under Sections 101(5) and (7) of the ADA, 42 U.S.C.§ § 12111(5) and (7).

## ADMINISTRATIVE PROCEDURES

7. More than 30 days before the institution of this action, Mr. Bradley filed a charge of discrimination with the Commission alleging that Defendant violated the ADA.

8. On or about July 3, 2024, the Commission issued to Defendant a letter of determination ("determination") with respect to Mr. Bradley's charge, finding reasonable cause to believe that Defendant violated the ADA. The determination invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide the opportunity to remedy the discriminatory practices described in the determination on Mr. Bradley's charge.

10. On or about November 4, 2024, the Commission issued to Defendant a notice of conciliation failure related to Mr. Bradley's charge, advising that the Commission was unable to secure a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this action have been fulfilled.

## FACTUAL ALLEGATIONS

12. At all relevant times, Defendant was in the business of bottling and distributing soda products.

13. Mr. Bradley is a qualified individual with a disability under 42 U.S.C. § 12102. Mr. Bradley has a history of renal disease that requires dialysis. His renal disease substantially interferes with his kidney function.

14. At all relevant times, Mr. Bradley was employed as a Large Store Delivery Driver at Defendant's facilities in Lafayette, Louisiana.

15. Mr. Bradley worked full-time and typically started work at 4:30 a.m.

16. On or around February 15, 2022, Mr. Bradley experienced a medical emergency, which resulted in his hospitalization and a diagnosis of renal failure.

17. As a result of his hospitalization, Defendant granted Mr. Bradley a leave of absence.

18. Mr. Bradley's leave of absence was unpaid.

19. Defendant's policy is to terminate individuals who have been on a leave of absence for more than six months.

20. After Mr. Bradley's hospitalization concluded, Mr. Bradley requested to return to work from his leave of absence on a reduced schedule that would allow him to undergo four hours of hemodialysis three days a week.

21. Defendant denied Mr. Bradley's request to return to work on a reduced schedule because, according to Defendant, there were no light duty positions available.

22. Mr. Bradley then underwent surgery to allow him to begin peritoneal dialysis, which Mr. Bradley could do from home using a machine at night.

23. Peritoneal dialysis would allow Mr. Bradley to work a full-time schedule.

24. In or around July 2022, after Mr. Bradley recovered from surgery related to the peritoneal dialysis, Mr. Bradley's doctor released him to return to work with the medical restriction that Mr. Bradley could work no more than eight-hour shifts starting on or after 7:00 a.m. Mr. Bradley also was restricted from lifting over fifty pounds.

25. The medical restrictions were needed to allow Mr. Bradley to undergo nighttime peritoneal dialysis.

26. The medical restrictions would be in place until and unless Mr. Bradley obtained a kidney transplant.

27. As a result of Mr. Bradley's medical restrictions, Mr. Bradley requested to return to work from his leave of absence, but with a schedule that would allow him to begin work at 7:00 a.m. rather than 4:30 a.m. Mr. Bradley also requested not to lift over fifty pounds.

28. Mr. Bradley's request for a different schedule and to not lift over fifty pounds constituted a request for accommodation.

29. Mr. Bradley's request for a different schedule and to not lift over fifty pounds was necessary to accommodate his disability.

30. In response to Mr. Bradley's request, Defendant instructed Mr. Bradley to look for positions within the company that had hours that aligned with his medical restrictions.

31. Defendant did not provide Mr. Bradley assistance in finding another position or facilitating his transfer into another position.

32. Mr. Bradley identified a Fountain Installer job. The position's start and end times aligned with Mr. Bradley's schedule restrictions.

33. The essential job duties of the Fountain Installer job aligned with Mr. Bradley's schedule and lifting restrictions.

34. Mr. Bradley was qualified for the essential job duties of the Fountain Installer position, either with or without accommodation.

35. Mr. Bradley applied for the Fountain Installer position.

36. Mr. Bradley's request for the Fountain Installer position was reasonable and necessary to accommodate his disability.

37. Defendant denied Mr. Bradley the Fountain Installer position without providing him with an explanation.

38. Another candidate was selected for the Fountain Installer position.

39. Upon information and belief, the candidate who was selected for the Fountain Installer position did not have a disability as defined by the ADA that was known to Defendant.

40. Defendant terminated Mr. Bradley on August 23, 2022.

41. Defendant did not engage in an interactive process with Mr. Bradley to determine whether other accommodations were available to allow Mr. Bradley to remain employed while undergoing peritoneal dialysis.

42. Defendant denied Mr. Bradley a reasonable accommodation when it refused to transfer him to an available position that he was qualified to perform, including the Fountain Installer position.

43. Defendant denied Mr. Bradley the Fountain Installer position because of his disability.

44. Defendant terminated Mr. Bradley's employment because of his disability.

45. The unlawful employment acts, omissions, and practices complained of herein were intentional within the meaning of Title VII, 42 U.S.C. § 2000e-5(g)(1) as incorporated by the ADA, 42 U.S.C. § 12117a.

46. Defendant acted with malice and/or reckless indifference to Mr. Bradley's federally protected rights, within the meaning of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b)(1) when it engaged in the unlawful employment practices complained of herein.

## CAUSES OF ACTION / CLAIMS

47. Through the conduct alleged herein, including in paragraphs 12–46, from at least 2022, Defendant has engaged in unlawful employment practices on the basis of disability in violation of the ADA, 42 U.S.C. § 12112, by failing to accommodate Mr. Bradley, refusing to transfer him to a job for which he was qualified, and terminating him because of his disability.

48. The effect of Defendant's unlawful employment practices complained of herein, including in paragraphs 12–46, above, has been to deprive Mr. Bradley of

equal employment opportunities and otherwise adversely affect his status as an employee because of disability in violation of the ADA.

49. As a result of Defendant's unlawful actions complained of herein, including in paragraphs 12–46, Mr. Bradley suffered back pay losses, as well as pecuniary and non-pecuniary losses and damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against qualified individuals with disabilities, including by refusing reasonable accommodations such as reassignment to a vacant position, so that the discrimination above that occurred with respect to Mr. Bradley does not occur with respect to others.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and to eradicate the effects of its past and present unlawful employment practices.

C. Grant a permanent injunction enjoining Defendant, it officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against Mr. Bradley for engaging in activity protected by the ADA.

D. Order Defendant to make Mr. Bradley whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

E. Order Defendant to make Mr. Bradley whole by providing compensation for nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, inconvenience, and humiliation, in amounts to be determined at trial.

F. Order Defendant to make Mr. Bradley whole by providing him with backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including but not limited to reinstatement and/or front pay.

G. Order Defendant to pay punitive damages for its malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

H. Order Defendant to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with the ADA, 42 U.S.C. § 12117(a), which incorporates Title VII, 42 U.S.C. § 2000e-8(c).

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by this Complaint that are triable to a jury.

Respectfully submitted,

**Andrew Rogers**
General Counsel
U.S. Equal Employment Opportunity Commission

**Christopher Lage**
Deputy General Counsel
U.S. Equal Employment Opportunity Commission

_/s/ Rudy L. Sustaita_
**Rudy L. Sustaita**
Regional Attorney
U.S. Equal Employment Opportunity Commission

**Gregory T. Juge**
Assistant Regional Attorney
U.S. Equal Employment Opportunity Commission

_/s/ Elizabeth J. Owen_
**Elizabeth J. Owen**, (#33620), T.A.
   elizabeth.owen@eeoc.gov | (504) 635-2535
**Jacqueline C. Barber** (#36362)
   jacqueline.barber@eeoc.gov | (504) 635-2572
**M. Lucia Blacksher Ranier** (#26605)
   mary.blacksherranier@eeoc.gov | (504) 635-2537
**Peter F. Theis** (#34786)
   peter.theis@eeoc.gov | (504) 635-2548
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130

COUNSEL FOR U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION